UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD WAGNER, Individually,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:26-cv-1628 |
| v. | ) | |
| | ) | |
| | ) | |
| **AAAR MARS LLC, a Pennsylvania Limited Liability Company** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT FOR EQUITABLE RELIEF**

Plaintiff, Richard Wagner, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., Counsel for Plaintiff, hereby files this Complaint against Defendant AAAR Mars LLC, a Pennsylvania limited liability company, for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Richard Wagner, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Western District of Pennsylvania as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

**PARTIES**

4. Plaintiff, Richard Wagner ("Plaintiff" or "Mr. Wagner") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. The Defendant, AAAR Mars LLC, owns and/or operates the Super 8 Hotel, which in Cranberry Twp located at 929 Sheraton Dr, Mars, PA 16046 in

Allegheny County. Plaintiff has patronized Defendant's hotel previously as a place of public accommodation.

6. The hotel owned and operated by the Defendant was originally built by the Defendant or its predecessor commencing in 1996 and underwent extensive renovation and alteration by the Defendant (or its predecessor) which concluded in 2024 and 2025 and is non-compliant with the remedial provisions of the 1991 ADA Standards for Accessible Design or 2010 ADA Standards as applicable for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA to all new construction and altered public accommodation areas is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

7. The facility owned or operated by the Defendant, AAAR Mars LLC, is non-compliant with the remedial provisions of the ADA. As the Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

8. Mr. Wagner is an individual diagnosed with spinal paralysis and permanently uses a wheelchair for mobility. As such, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9. Plaintiff has visited the property that forms the basis of this lawsuit as an overnight hotel guest and plans to return to the property to avail himself of the goods and services offered to the public at the property.

10. Mr. Wagner is a Delaware County, Ohio resident and a race car enthusiast. He competes as a licensed competition driver with the National Auto Sport Association (NASA) throughout the Great Lakes Region and beyond. Mr. Wagner has been driving two to three times annually (and in some seasons more) at the Pittsburgh International Race Complex (Pitt Race) located in Wampum, PA every year since 2012. He was there last in July 2023, also in September 2023 when the track hosted NASA's National event, and again in July 2024.

11. On July 18, 2024, Plaintiff patronized the Defendant's property as an overnight guest while competing at another Pitt Race NASA event, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject's property. The barriers to access at the

property have endangered his safety and protected access to Defendant's place of public accommodation.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible

facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of the Super 8 Hotel Cranberry Twp., including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

**Parking and Accessible Route**

A. There is no marked access aisle in the vehicle pull-up space at the hotel passenger loading one, in violation of the ADA section 503.3 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

B. In the parking lot, where there are more than 75 parking spaces, only 2 accessible parking spaces are being provided where 4 are required (1 of which being a “van accessible” space) and therefore are a legally insufficient number of designated accessible parking spaces, in violation of the ADA section 208 of the 2010 Standards and 1991 ADAAG section 4.1.2, whose remedy is strictly required or at minimum is readily achievable.

C. In the parking lot, there are no signs identifying accessible Parking spaces whatsoever, which include the International Symbol of Accessibility or Signs identifying van parking spaces which contain the designation "van accessible”, that are located 60 inches (1525 mm) minimum above the finish

floor or ground surface measured to the bottom of the sign, in violation of the ADA section 502.6, 703.7.2.1 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required or at minimum is readily achievable.

D. In the parking lot, there is not a “van accessible” space measuring 132 inches (3350 mm) wide minimum, in violation of the ADA section 502.2 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or at minimum is readily achievable.

E. In the parking lot, accessible parking spaces and access aisles do not connect to the nearest accessible route, in violation of the ADA section 502.3 and 502.4.1 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or at minimum is readily achievable.

F. In the parking lot, the existing accessible aisles at the current accessible parking spaces are an improper narrow width, in violation of Sections 502.2 and 502.3.1 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or at minimum is readily achievable

G. Ground surfaces located on the accessible route have cracks in excess of ½ inch and changes in elevation in excess of ¼ inch, in violation of the ADA and section 302.2 and 302.3 of the 2010 Standards and 1991 ADAAG

section 4.5.2 and 4.5.4, whose remedy is strictly required or at minimum is readily achievable.

H. Ground surfaces located on the accessible route have cracks in excess of ½ inch and changes in elevation in excess of ¼ inch, in violation of the ADA and section 302.2 and 302.3 of the 2010 Standards and 1991 ADAAG section 4.5.2 and 4.5.4, whose remedy is strictly required or at minimum is readily achievable.

**<u>Access to Goods and Services</u>**

I. At the front desk, the registration counter exceeds 36 inches and there is no lower transaction counter provided, in violation of the ADA section 904.4 of the 2010 Standards and 1991 ADAAG section: 7.2(1), whose remedy is strictly required or at minimum is readily achievable.

J. At the Front Desk, the floor mat at the door is not secured in place, in violation of the ADA section 302.2 of the 2010 Standards and 1991 ADAAG section 4.5.3 whose remedy is strictly required or at minimum is readily achievable.

K. At the Main Entrance, the floor mat at the door is not secured in place, in violation of the ADA section 302.2 of the 2010 Standards and 1991 ADAAG section 4.5.3 whose remedy is readily achievable.

L. In the dining area, there is not provide at least 5% of compliant dining surfaces which provide compliant knee, toe and height clearance as required, in violation of the ADA section 226.1 and 902.3 of the 2010 Standards and 1991 ADAAG section 5.1, whose remedy is readily achievable.

**Lobby Restroom**

M. In the Lobby Restroom, the water closet is out of compliance as there is not a wheelchair accessible stall with required size and clearance around the water closet of 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall, in violation of the ADA sections 604.3 and 604.3.1 of the 2010 Standards and 4.17.3 of the 1991 ADAAG, whose remedy is strictly required or at minimum is readily achievable.

N. In the Lobby Restroom, there is not an accessible water closet with rear and/or side grab bars mounted around the water closet, in violation of the ADA sections 604.3 and 604.3.1 of the 2010 Standards and 4.17.6 of the 1991 ADAAG, whose remedy is strictly required or at minimum is readily achievable.

O. In the Lobby Restroom, the toilet flush control is not located on the open side of water closet, in violation of the ADA section 604.6 whose remedy is strictly required or at a minimum is readily achievable.

P. In the Lobby Restroom, the seat covers are mounted too high and out of the maximum reach range, in violation of the ADA section 308.3.1 of the 2010 Standards, whose remedy is readily achievable.

Q. In the Lobby Restroom, the water and drainpipes under the lavatory are not adequately insulated in violation of the ADA section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is readily achievable.

R. In the Lobby Restroom, the mirror is mounted in excess of 40 inches above the finish floor to the reflective surface, in violation of section 603.3 of the 2010 Standards whose remedy is strictly required or at minimum is readily achievable.

**Mobility Accessible Guestroom #200**

S. In the mobility accessible guest room #200, the drape wands are not accessible because they require tight grasping, pinching, or twisting of the wrist, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required or at minimum is readily achievable.

T. In the mobility accessible guest room #200, the drawer pulls are not accessible because they require tight grasping, pinching, or twisting of the

wrist, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section: 4.27.4, whose remedy is readily achievable.

U. In the mobility accessible guest room #200, the main door security latch is too high and out of the maximum height reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is readily achievable.

V. In the mobility accessible guest room #200, the main door security latch is not accessible because it requires tight grasping, pinching, or twisting of the wrist, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section: 4.27.4, whose remedy is readily achievable.

W. In the mobility accessible guest room #200, there is not sufficient maneuvering clearance to access all room amenities or to navigate the "accessible guest room," partly due to the placement of furniture, in violation of the ADA and section 304 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

X. In the mobility accessible guest room #200, there is not the required 30" clear floor space for a parallel approach to both sides of the bed, in violation of the ADA and section 806.2.3 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

Y. In the mobility accessible guest room bathroom, the clearance at the front of the bathtub is blocked by vanity, therefore not providing the required 30" wide minimum floorspace clearance, in violation of the ADA section 607.2 of the 2010 Standards and 1991 ADAAG section 4.20.2, whose remedy is strictly required or at minimum is readily achievable.

Z. In accessible guest room #405 bathroom, there is not a seat being provided capable of secure placement for the bathtub, in violation of the ADA section 610.2 for the 2010 Standards and 1991 ADAAG section 4.21.3, whose remedy are readily achievable.

AA. In the mobility accessible guest room bathroom, the bathtub grab bars are missing (Back Wall, Control End Wall and Head End Wall), in violation of the ADA section 607.4 of the 2010 Standards and 1991 ADAAG section 4.20.4, whose remedy is readily achievable.

BB. In the mobility accessible guest room bathroom, the bathtub controls are not placed between the bathtub rim and grab bar, and between the open side of the bathtub and the centerline of the width of the bathtub, in violation of the ADA section 607.5 for the 2010 Standards, whose remedy are readily achievable.

CC. In the mobility accessible guest room bathroom, the shower sprayer placed too high, in violation of the ADA section 607.6 of the 2010 Standards, whose remedy is readily achievable.

DD. In the mobility accessible guest room bathroom, the sink blocks the required clear floor space at the water closet, to be measured at 60 inches (1525 mm) wide minimum measured perpendicular to the side wall, and 56 inches (1420 mm) deep minimum for wall hung water closets and 59 inches (1500 mm) deep minimum for floor mounted water closets measured perpendicular to the rear wall, in violation of the ADA section 604.3.1 of the 2010 Standards and 1991 ADAAG section 4.71.3, whose remedy is strictly required or at minimum is readily achievable.

EE. In the mobility accessible guest room bathroom, the toilet paper is not properly mounted, in violation of the ADA and section 604.7 of the 2010 Standards whose remedy is strictly required or at minimum is readily achievable.

FF. In the mobility accessible guest room bathroom, the mirror is mounted in excess of 40 inches above the finish floor to the reflective surface, in violation of the ADA section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is readily achievable.

GG. In the mobility accessible guest room bathroom, the sink is missing the required knee and toe clearances, in violation of the ADA section 306.3 of the 2010 Standards and 1991 ADAAG section 4.24.3, whose remedy is readily achievable.

HH. In the mobility accessible guest room bathroom, the water and drainpipes under the lavatory are not insulated to protect against scalding or contact in violation of the ADA section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is readily achievable.

**Mobility Accessible Guestrooms Generally**

II. The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers standard guest rooms with 1 King bed and 2 Double Beds. Rooms offering 2 Double Beds are available only to able bodied guests. However, guests who require accessible accommodations are restricted to a standard room with one king-sized bed and therefore fewer room classes and guestroom amenities, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes. This is in violation of the ADA and its remedy is strictly required or at minimum is readily achievable.

JJ. The Super 8 Hotel has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property

with 66 guestrooms such as this Super 8 Hotel, there must be a minimum of 3 mobility accessible guestrooms without a roll-in shower and a minimum of 1 of mobility accessible guestrooms with a roll-in shower, totaling 4 designated mobility accessible guestrooms.

**Policies and Procedures**

KK. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable.

LL. The Defendant's inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Richard Wagner.

15. The discriminatory violations described in Paragraph 14 by Plaintiff are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiffs has been denied access to Defendant's accommodations; benefit of services; activities; and have otherwise been discriminated against and damaged by

the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The hotel at issue, as owned and operated by AAAR Mars LLC, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff. As well as implementing policy and procedures for the benefit of its patrons with disabilities.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy by law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, unlawful and lack of necessary policies and procedures, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make all strictly required alterations, or at minimum, such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**WHEREFORE**, Plaintiff demands, an injunction requiring Defendant to bring its place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons, and the reasonable attorney's fees and costs of maintaining this action.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq.*, OH Bar no. 0074743
Law Offices of Owen Dunn, Jr.
6800 Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
Email: obdjr@owendunnlaw.com
*admitted to W. District of Pennsylvania